**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EVGENI PETROSYAN,**

                        **Plaintiff,**

      -against-

**THE DIRECTV GROUP, INC.,**

                        **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**08-CV-1566 (NGG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion filed by Beigelman, Feiner & Feldman, P.C. ("BFF"), former counsel for plaintiff Evgeni Petrosyan ("Petrosyan" or "plaintiff"), seeking a hearing and an order of the Court fixing the amount of a charging lien for the benefit of BFF. See Letter-Motion from Mark Beigelman, former counsel for plaintiff, to the Court (June 29, 2009). Kilpatrick Stockton ("Kilpatrick"), current counsel for plaintiff, faxed a letter in response to BFF's motion, stating that plaintiff is exercising his right to arbitration pursuant to the arbitration clause in the retainer agreement between plaintiff and BFF ("BFF Retainer"), and requesting that BFF withdraw the pending motion. See Letter from Marc Lieberstein, counsel for plaintiff, to the Court (July 8, 2009) ("7/8/09 Kilpatrick Letter"). In reply, BFF argues that although it was willing to stipulate to plaintiff's election to seek arbitration, it will not forego the charging lien to which it believes BFF is entitled under New York Judiciary Law Section 475. See Letter from BFF to the Court (July 8, 2009).

**DISCUSSION**

Under Section 475 of the New York Judiciary Law, "the attorney who appears for a party has a lien upon his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof, in whatever hands they may come[.]" N.Y. Jud. Law § 475. The attorney's lien exists from "the commencement of an action," see id., arising by operation of law. See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 453 (2d Cir. 1998) (holding that attorney of record "possessed a charging lien under Section 475 by operation of law").

When BFF commenced this action on Petrosyan's behalf, an attorney's charging lien in its favor arose by operation of law. See N.Y. Jud. Law § 475. The amount of that lien, and the issue of whether BFF was discharged with or without cause, remain to be determined. Ordinarily, "application must be made to the court to determine (according to the reasonable value of the services performed) and enforce the lien." Barnes v. Printron, Inc., No. 93 Civ. 5085 (JFK), 2003 WL 124520, at *2 (S.D.N.Y. Jan. 15, 2003) (citing In re E.C. Ernst, Inc., 4 B.R. 317, 320-21 (S.D.N.Y. 1980)). Here, however, section 9 of the BFF Retainer Agreement expressly provides that Petrosyan has a right to arbitrate any fee dispute with BFF. See Exhibit A to (Sealed) Affidavit in Support of Motion to Fix and Determine Attorney's Lien. Plaintiff has exercised his right to arbitrate that dispute. See 7/8/09 Kilpatrick Letter. Accordingly, the Court vacates its Order dated June 30, 2009, setting a briefing schedule on BFF's motion for a hearing and fixing of fees. BFF's request for a hearing and determination of the amount of fees is denied without prejudice to resolution of the fee issue through

arbitration, as provided for in the BFF Retainer Agreement.

## CONCLUSION

For the reasons stated above, BFF's motion for a hearing and a court order fixing the amount of attorney's fees is denied without prejudice, as the fee amount is subject to arbitration, in accordance with the terms of the BFF Retainer Agreement.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to fax a copy to BFF.

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 9, 2009

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**